# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
### Civil Action No.: 3:22-cv-650

| | |
|---|---|
| **DAKOTA HEALEY, individually and on behalf of all others similarly situated,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)<br>) |
| **COPPER PENNY RUTHERFORDTON, LLC, and MICHELLE GREF,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**COLLECTIVE ACTION VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiff, Dakota Healey ("Healey" or "Plaintiff"), individually and on behalf of all other similarly situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), against Copper Penny, Rutherfordton, LLC ("Copper Penny") and Michelle Gref ("Gref"), Co-Owner of Copper Penny. Plaintiff additionally brings an individual claim for violation of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3). Plaintiff alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF ACTION

1. This lawsuit seeks to recover unpaid wages, misappropriated tips, and statutory penalties for Plaintiff and any similarly situated co-workers, including servers, bartenders, or other tipped employees whom Defendants pay less than the minimum hourly wage and who work or

have worked at Copper Penny located at 131 North Washington St., Rutherfordton, NC 28139 ("Members of the Collective").

2. Plaintiff brings this action on behalf of herself and the Members of the Collective who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by Defendants.

3. Plaintiff brings an individual FLSA claim against Defendants pursuant to 29 U.S.C. § 215(a)(3) alleging unlawful retaliation under the FLSA for terminating Plaintiff's employment because she engaged in protected activity by protesting Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." Healey has signed an opt-in consent form to join this lawsuit. (Exhibit 1)

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

6. This Court has personal jurisdiction because Defendants' principal place of business is in Rutherford County, which is in this judicial district.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants are headquartered in this judicial district.

## PARTIES

8. Healey is an adult individual and a resident of Spindale, North Carolina who worked for Defendants as a Server/Bartender from in or about January 2021 until her termination on or about November 23, 2022.

9. Defendant Copper Penny is a restaurant and grill located in Rutherfordton, North Carolina. The Copper Penny is a domestic Limited Liability Corporation registered and in good standing in the state of North Carolina.

10. Defendant Michelle Gref is Co-Owner of Copper Penny. In this capacity, Gref is involved in the day-to-day business operations of Copper Penny. Gref has the authority to make decisions regarding wage and hour issues, including compensation practices and policies for Members of the Collective. At all relevant times, Gref acted and had responsibility to act on behalf of, and in the interests of Copper Penny in devising, directing, implementing, and supervising the wage and hour practices and policies relating to employees, including the tipping compensation issues raised in this lawsuit.

11. At all times relevant, Defendants have been an "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

12. At all times relevant, Defendants have been an enterprise within the meaning of FLSA, § 203(r).

13. At all times relevant, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times relevant, Plaintiff and the Members of the Collective have been "employees" within the meaning of FLSA, 29 U.S.C § 203(e).

15. At all times relevant, Plaintiff and Members of the Collective have been "Tipped Employees" within the meaning of FLSA, 29 U.S.C. § 203(t).

16. At all times relevant, Defendants employed Plaintiff and the Members of the Collective within the meaning of the FLSA.

## **FACTS**

17. Plaintiff and Members of the Collective are individuals who work or have worked for Defendants as Tipped Employees during the three-year statutory period preceding the filing of this Complaint. Amongst other things, Plaintiff and Members of the Collective are all subject to the same unlawful minimum wage and tipping compensation policies and practices.

18. Defendants do not permit Plaintiff and the Members of the Collective to retain all the tips they earn. On or about March 1, 2022 Defendants implemented a new Tipping Policy ("Tipping Policy"). Under this Tipping Policy, Defendants require servers to calculate the server's "tip out" with a manager at the end of each shift. Defendants require each server to tip out 1% of his or her food sales to the kitchen staff, who are not Tipped Employees within the meaning of the FLSA. Defendants also require bartenders to tip out to the kitchen staff.

19. Despite requiring Tipped Employees to share tips with non-Tipped Employees, Defendants paid Plaintiff and Members of the Collective a sub-minimum wage while claiming a tip credit.

20. On or about March 1, 2022, Plaintiff sought confirmation on Defendants' Crew App messaging system—which included Gref, managers, and staff—that she would be required to tip out non-Tipped Employees. Gref responded to Plaintiff's query by messaging on the Crew App that Plaintiff could talk to Gref privately about her concerns.

4

21. On multiple occasions between March 1, 2022 and her termination, Plaintiff voiced concerns about and questioned the legality of the Tipping Policy to various managers including General Manager Brittney Henderson ("Henderson"), Front House Manager, Sheila Black ("Black"), Front House Manager Jessica Dow and Front House Manager Aubrey Guarriello. None of these managers took any action to address Plaintiff's concerns. Plaintiff also voiced her concerns on the Crew App multiple times between March 1, 2022 and her termination.

22. On or about November 14, 2022, Plaintiff sent a private text message to Gref asking Gref to email her a written copy of the Tipping Policy. Gref responded that she could not provide a written copy of the Tipping Policy over email but that she or Henderson could explain it to Plaintiff.

23. On or about November 16, Plaintiff asked Henderson, in person, about the Tipping Policy. Henderson directed Plaintiff to a laminated copy of the Tipping Policy behind the bar labeled "Tip Out Procedure." A bartender/night manager, Mariana Walker, saw Plaintiff taking a photograph of the Tip Out Procedure sheet. The manager stated, "Are you trying to figure out if this is legal or not, because it's not." Plaintiff responded, "I know, I had a consultation with a lawyer to see if it's legal. I'm thinking about filing a lawsuit."

24. On or about November 16, 2022, Plaintiff engaged Gibbons Law Group, PLLC as counsel to file an FLSA collective action lawsuit against Defendants. Plaintiff informed at least two co-workers that she was consulting with an attorney because she believed the Tipping Policy violated the FLSA.

25. On or about November 23, 2022, Plaintiff told Front House Manager Jessica Dow ("Dow") that she had decided to file a lawsuit about the Tipping Policy and thought she had a good case. Immediately after this conversation, Dow informed Henderson that Plaintiff had initiated an

FLSA lawsuit against Defendants. Within about an hour, Henderson and Black approached Plaintiff at work. Black stated "[Gref] caught wind of your lawsuit. We're letting you go. You need to leave now." Plaintiff stated, "This is retaliation. What [Defendants] are doing is not legal." Black responded, "It's not retaliation. What [Defendants] are doing is legal. Your lawyers can call [Gref]'s lawyers." Plaintiff gathered her things, said goodbye to her co-workers, and left the premises.

26. On or about December 1, 2022, Plaintiff went to Copper Penny to collect her final paycheck. Once inside, Henderson made a busser tell Healey that Paul Gref, Co-Owner of Copper Penny, had banned Healey from the restaurant. Healey waited in her car while a former co-worker retrieved her paycheck for her.

27. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding the taking of a tip credit against minimum wages was a willful violation of the FLSA. Defendants have no legitimate basis to believe Plaintiff and the Collective were exempt from the minimum wage and tipping requirements of the FLSA. Instead, Defendants either knew or acted with reckless disregard to clearly applicable FLSA provisions. Defendants' willful actions and/or willful failures to act, included, but were not necessarily limited to requiring Tipped Employees to share tips with non-Tipped Employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this collective action on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid regular wages, liquidated damages, and other damages related to Defendants' violation of the FLSA.

29. Plaintiff pursues the requested relief on behalf of the following individuals ("Members of the Collective"):

> **All individuals who currently work, or have worked, for Copper Penny Rutherfordton as a Tipped Employee (e.g. a Bartender or Server or their functional equivalents), who were paid an hourly rate of less than minimum wage at any time within the preceding 3-years from the date of filing the complaint.**

30. Plaintiff is a member of the collective that she seeks to represent because she was employed by Defendants during the relevant period as a Tipped Employee, was required to share tips with non-Tipped Employees, and was paid a wage of $2.13 per hour by Defendants.

31. This action may be properly maintained as a collective because:

    a. Defendants required Plaintiff and the Members of the Collective to share tips with non-Tipped Employees.

    b. Defendants took a tip credit and paid Plaintiff and Members of the Collective a wage of $2.13 per hour.

    c. Defendants maintained common payroll systems and policies with respect to Plaintiff and the Members of the Collective.

32. Consistent with Defendants' policy and pattern or practice, Plaintiff and the Members of the Collective have not been paid minimum wages for all hours worked.

33. All of the work that Plaintiff and the Members of the Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the Members of the Collective have performed.

34. Defendants' conduct as alleged herein was willful and caused damage to Plaintiff and the Members of the Collective.

35. Defendants are liable under the FLSA for failing to properly pay Plaintiff and the Members of the Collective minimum wages and tips. Plaintiff requests that the Court authorize

notice to the Members of the Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b) for the purpose of seeking unpaid minimum wages and liquidated damages under FLSA, and the other relief requested herein.

36. Plaintiff estimates that the collective, including both current and former employees over the relevant period, will include more than ten (10) members. The precise number of collective members should be readily available from Defendants' personnel, scheduling, time, and payroll records as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). Given the composition and size of the Collective, its members may be informed of the pendency of this action directly via U.S. mail and e-mail.

## COUNT I

### (Violation of the FLSA – Minimum Wages Collective Action)

37. Plaintiff incorporates by references paragraphs 1-36 of her Complaint.

38. Count I arises from Defendants' violation of the FLSA, for their failure to pay all minimum wages earned by Plaintiff and the Members of the Collective.

39. Defendants violated the FLSA by requiring Plaintiff and the Members of the Collective to share tips with non-Tipped Employees in one or more individual workweeks, thus violating the tip-credit provisions of the FLSA.

40. Defendants' violation of the FLSA was willful.

## COUNT II

### (FLSA Retaliation – Individual Action)

41. Plaintiff incorporates by references paragraphs 1-40 of her Complaint.

42. Defendants violated 29 U.S.C. § 215(a)(3) by unlawfully terminating Plaintiff's employment in retaliation for exercising protected rights under the FLSA.

8

43. Defendants further retaliated against Plaintiff by banning her from Copper Penny because she exercised protected rights under the FLSA.

44. Plaintiff suffered harm as a result of Defendant's retaliatory actions.

45. Defendants' violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendants and in favor of Plaintiff and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff and all others similarly situated for the nature, extent and duration of their damages, the costs of this action and as follows:

A. Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers, e-mail addresses, and home addresses of all individuals who currently work, or have worked, for Copper Penny Rutherfordton as a Tipped Employee (e.g. a Bartender or Server or their functional equivalents) and were paid an hourly rate of less than minimum wage at any time within the preceding 3-years from the date of filing the complaint.

B. Authorize Plaintiff's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all Members of the Collective who worked for Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and/or tips as required by the FLSA;

C. Certify Plaintiff's FLSA claims as a collective action;

D. Declare and find that the Defendants committed one or more of the following acts:

   i. Violated provisions of the FLSA by taking a tip-credit while requiring Plaintiff and Members of the Collective to share tips with non-Tipped Employees;

   ii. Violated provisions of the FLSA by retaliating against Plaintiff for her protected activity.

   iii. Willfully violated provisions of the FLSA;

E. Award compensatory damages, including all minimum wages and tips owed, in an amount according to proof;

F. Award liquidated damages on all compensation due accruing from the date such amounts were due;

G. Order reinstatement, lost wages, and compensatory damages for Plaintiff individually;

H. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I. Grant leave to add additional plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

# VERIFICATION

I, Dakota Healey, declare as follows:

1. I am a former server/bartender at Copper Penny Rutherfordton.

2. I have personal knowledge of Defendants and their activities, including those set out in the foregoing Verified Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Verified Complaint are true and correct.

Signed: *Dakota Healey*

Dated: December 5, 2022

Respectfully Submitted,

/s/ Ethan L. Slabosky
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email:  phil@gibbonslg.com
　　　　corey@gibbonslg.com
　　　　ethan@gibbonslg.com

*Attorneys for Plaintiff*