UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:22-cv-254

| | |
|---|---|
| DAKOTA HEALEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COPPER PENNY RUTHERFORDTON, LLC, and MICHELLE GREF<br><br>Defendants. | MEMORANDUM IN SUPPORT OF MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND FACILITATE NOTICE PURSUANT TO 29 U.S.C. § 216(b) |

Plaintiff, Dakota Healey ("Healey" or "Plaintiff"), by counsel, hereby submits this Memorandum in Support of Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b), and shows the Court as follows:

## NATURE OF ACTION

Healey seeks conditional certification and authorization to send Court-supervised notice of this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Defendants Copper Penny Rutherfordton, LLC ("Copper Penny") and Michelle Gref ("Gref") (collectively, "Defendants") failed to pay minimum wages to Healey and current and individuals who currently work, or have worked, for Defendants as a Tipped Employee (e.g. a Bartender or Server or their functional equivalents), who were or are paid an hourly rate of less than minimum wage and were or are required to share tips with non-Tipped Employees at any time within the preceding three years from the date Healey filed her Complaint ("Members of the Collective"). Healey alleges that she and the Members of the Collective were subject to a tipping policy (the "Tipping Policy") requiring them to participate in an unlawful tip pool which redistributed tips to non-tipped workers.

Imposition of an unlawful tip pool invalidates Defendants' ability to use the tip credit under the FLSA. Despite the unlawful Tipping Policy, Defendants used a tip credit, paying Healey and Members of the Collective a sub-minimum wage. As result, Healey and Members of the Collective were unlawfully denied minimum wages as required by the FLSA.

Healey and Members of the Collective are similarly situated in that they were victims of a policy and practice that resulted in unpaid minimum wages in violation of the FLSA. The Declaration submitted by Healey in support of this Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b) demonstrates the existence of a group of similarly situated employees, i.e., Members of the Collective.[1] Plaintiff's Declaration establishes that Defendants have a policy, practice, and/or plan that has the effect of depriving Plaintiff and Members of the Collective of minimum wages as prescribed by the FLSA. Plaintiff's Declaration also establishes that this policy and practice applied to all Members of the Collective.

Plaintiff believes she will be able to establish Defendant's FLSA violations at trial and/or by summary judgment, but in ruling on this Motion, the Court is not making a determination as to the merits of the case. Conditional certification and notice to potential plaintiffs is appropriate at this point because Plaintiff readily meets the permissive standard applicable at this stage of the two-step certification process.

**STATEMENT OF FACTS**

Defendant Gref is Co-Owner of Copper Penny. (Healey Decl. ¶ 4.) Defendants are an enterprise engaged in the service of preparing and serving food to restaurant customers. (Healey Decl. ¶ 5.) Healey worked for Defendants as a Server/Bartender from January 2021 until November 23, 2022. (Healey Decl. ¶ 6.) Defendants employ an identifiable group of employees

---

[1] The Declaration of Dakota Healey ("Healey Decl.") is filed contemporaneously with this Memorandum.

who receive gratuities from customers as part of their compensation and whom Defendants pay a sub minimum wage ("Tipped Employees") (Healey Decl. ¶ 7.)

On March 1, 2022, Defendants implemented a new Tipping Policy. (Healey Decl. ¶ 8.) Under this Tipping Policy, Defendants require all servers to calculate the server's "tip out" with a manager at the end of each shift. *Id*. Defendants require each server to tip out 1% of his or her food sales to the kitchen staff. *Id*. Defendants also require all bartenders to tip out at least 1% of food sales the kitchen staff. *Id*. Despite requiring Tipped Employees to tip out non-Tipped Employees, Defendants continue to pay Tipped Employees a sub-minimum wage. (Healey Decl. ¶ 7.) On November 16, 2022, Healey asked Defendants' General Manager, Brittney Henderson ("Henderson"), about the Tipping Policy. (Healey Decl. ¶ 10.) Henderson directed Healey to a laminated copy of the Tipping Policy behind the bar labeled "Tip Out Procedure," of which Healey took a photograph. (Healey Decl. ¶ 9, Healey Decl. Ex 1.)

## ISSUE PRESENTED

The issue before the Court is as follows: whether, pursuant to 29 U.S.C. § 216(b), the Court should grant conditional certification of a collective action class of similarly situated Copper Penny employees and authorize Court-supervised notice of this action, thus allowing these individuals the opportunity to join as "opt-in plaintiffs."

## LEGAL BASIS FOR 216(b) NOTICE FOR POTENTIAL PLAINTIFFS

Through this Motion, Plaintiff seeks this Court's approval for Plaintiff's proposed Notice to all Members of the Collective Plaintiff's proposed Notice is attached to this memorandum as Exhibit 1. As shown below, Plaintiff has met the standard for Notice to be issued to Members of the Collective.

3
Case 1:22-cv-00254-MOC-WCM    Document 7    Filed 12/08/22    Page 3 of 8

## I. The District Court is Authorized to Issue Notice to the Potential Opt-In Plaintiffs.

The collective action provision of the FLSA allows for one or more employees to bring an action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Hoffman-La Roche Inc. v. Sperling*, 493 U.S.165, 170 (1989). To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to authorize notice to other potential class members of their rights to "opt-in" to a plaintiff's case and form a collective action. *Id*. These early notices, authorized by the court, are helpful to protect against misleading communications by the parties, resolve disputes regarding the content of any notice, prevent the proliferation of multiple individual lawsuits, assure that the joinder of additional parties is accomplished properly and efficiently, and to expedite resolution of the dispute. *Id*. at 170-172.

## II. The Two-Step Certification Process

Courts tend to characterize the requirements for certifying FLSA collective actions as less stringent than those for certifying FRCP 23 class actions. *E.g.*, *Bradford v. Bed Bath & Beyond, Inc.*, 184 F.Supp.2d 1342 (N.D. Ga 2002). In deciding whether an FLSA action may proceed as a collective action, courts in the Fourth Circuit have adopted a two-step inquiry. *Adams v. Citicorp Credit Servs.*, 93 F.Supp.3d 441, 452-53 (M.D.N.C. 2015). At the initial "notice stage," the Court determines whether Plaintiff and potential opt-in plaintiffs are "similarly situated" to merit sending notice of the action to possible members of the class. If they are, additional plaintiffs are permitted to "opt-in" to the lawsuit. *Id.* (quoting *Acevedo v. Allsup's Convenience Stores, Inc*., 600 F.3d 516, 519 (5th Cir. 2010)). At the notice stage, the plaintiff need only show a "reasonable basis" for her claim that other similarly situated employees exist. *Curtis v. Time Warner Entm't-Advance/Newhouse P'ship*, No. 3:12-CV-2370, 2013 WL 1874848, at *2 (D.S.C. May 3, 2013). In fact,

> [p]laintiffs generally need only make a relatively modest factual showing that a common policy, scheme, or plan [that violated the law] exists. To meet this burden and to demonstrate that potential class members are similarly situated, [p]laintiffs must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy [that violates the FLSA].

*Adams*, at 453 (quoting *Mitchel v. Crosby Corp.*, 2012 WL 4005535 at *2-3 (D. Md. Sept. 10, 2012)). At this stage of the proceedings, the Court does not resolve factual disputes, make credibility determinations, or decide substantive issues on the merits. *Adams*, at 454.

The second step of the two-step process usually occurs after discovery has largely been completed and allows a court the opportunity to make a final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Id.* (quoting *Acevedo*, 600 F.3d at 519).

### III. Plaintiff Is Entitled to Conditional Certification by Meeting the Threshold Requirements of the Notice Stage of the Two-Step Certification Process.

Plaintiff alleges in her Complaint that Defendants have a policy and practice of requiring Plaintiff and Members of the Collective to pool tips with non-Tipped Employees while Defendants took a tip credit and paid Plaintiffs and Members of the Collective a sub-minimum wage. Plaintiff and Members of the Collective are similarly situated because they all are or were:

(1) employed by Defendants as Tipped Employees; (Healey Decl. ¶ 7)

(2) required to use the same timekeeping and payroll systems; *id*.

(3) paid less than minimum wage; *id*.

(4) subject to the same terms and conditions of employment including being required to share tips with non-Tipped Employees such as the kitchen staff; (Healey Decl. ¶ 8), and

(5) subject to the same violations of the FLSA's tip credit provisions. (Healey Decl. ¶ 9.)

Plaintiff, therefore, has satisfied the modest "notice" standard. The factual nexus that binds Plaintiff and Members of the Collective together is a clearly demonstrated policy and practice of failing to pay Tipped Employees minimum wages while requiring them to tip out non-Tipped Employees, in violation of the FLSA, 29 U.S.C. § 203(m). This policy results in a common injury to Plaintiff and Members of the Collective whereby they are deprived of the payment of minimum wages to which they are entitled under the FLSA. Therefore, Plaintiff should be granted conditional certification.

## **RELIEF SOUGHT**

To facilitate the Notice process and preserve the rights of those who have not yet opted-in to this lawsuit, Plaintiff seeks conditional certification and authorization to send Court-supervised Notice, both initial and subsequent, to all potential Members of the Collective. Therefore, Plaintiff respectfully requests that this Court:

1. Approve the proposed Notice of Collective Action Lawsuit attached as Exhibit 1;
2. Approve the proposed Consent to Become Party Plaintiff form for those wishing to join this action, attached as Exhibit 2;
3. Approve a sixty (60) day opt-in period for potential Members of the Collective to submit a Consent to Become Party Plaintiff form; and
4. Require Defendants to disclose to Plaintiff's counsel the names, email addresses, telephone numbers, home addresses, and dates of employment of all potential Members of the Collective in a useable electronic format within seven (7) days from the entry of the Court's order, so as to reduce delays in sending out Notice.

## CONCLUSION

Plaintiff has presented detailed allegations concerning Defendants' unlawful policy or practice of requiring Plaintiff and Members of the Collective to share tips with non-Tipped Employees while taking a tip credit and paying Plaintiff and Members of the Collective a sub-minimum wage. Because Plaintiff has met her burden to show that similarly situated individuals exist who have not been notified about this lawsuit, this Court should enforce the collective action provisions of the FLSA and authorize Notice. The Court should grant Plaintiff's Motion and enter an Order with the terms set forth in Plaintiff's proposed Order.

Dated: December 8, 2022

Respectfully Submitted,

/s/ Ethan L. Slabosky
Philip J. Gibbons, Jr., NCSB #50276
Corey M. Stanton, NCSB #56255
Ethan L. Slabosky, NCSB #59555
**GIBBONS LAW GROUP, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@gibbonslg.com
      corey@gibbonslg.com
      ethan@gibbonslg.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on this day a copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record and a copy of the foregoing was placed in the United States Mail and sent First Class to the following address:

>Michelle Gref
>Registered Agent and Co-Owner, Copper Penny Rutherfordton
>131 N. Washington St.
>Rutherfordton, NC 28139
>
>Michelle Gref
>131 N. Washington St.
>Rutherfordton, NC 28139

>/s/ Ethan L. Slabosky
>Ethan L. Slabosky, NCSB #59555
>
>*Attorney for Plaintiff*