**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Civil Action No.: 1:22-cv-254**

| | |
|---|---|
| **DAKOTA HEALEY, individually and on behalf of all others similarly situated,** | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) |
| **COPPER PENNY RUTHERFORDTON, LLC, and MICHELLE GREF,** | ) ) ) |
| **Defendants.** | ) ) |

## FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND RELEASE

1.	This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Dakota Healey ("Named Plaintiff"), individually and on behalf of herself and all others similarly situated ("Settlement Collective" or "Settlement Collective Members") and Defendants Copper Penny Rutherfordton, LLC ("Copper Penny") and Michelle Gref ("Gref") (together, "Defendants") subject to the approval of the Court.  Named Plaintiff and Defendants may be referred to herein together as the "Parties."

## RECITALS

2.	Named Plaintiff filed a Collective Action Complaint in the United States District Court for the Western District of North Carolina on December 5, 2022 (the "Lawsuit"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201*, et seq.* (the "FLSA").  In particular, Named Plaintiff alleges that, from March 1, 2022 until November 27, 2022, Defendants violated the minimum wage tip credit provisions of the FLSA by requiring Tipped Employees to share tips with non-Tipped Employees.

3.	Although the Parties have not engaged in formal discovery, they have exchanged pre-discovery information and documentation to facilitate their settlement discussions, including time and pay records for all Settlement Collective Members, which counsel for Plaintiff ("Collective Counsel") reviewed and analyzed thoroughly.

4.	As a result of extensive settlement discussions and negotiations, the Parties have agreed to settle the Lawsuit according to the terms of this Settlement Agreement.

5.      Collective Counsel has made an independent investigation of the facts and law relating to the allegations in the Lawsuit. In agreeing to this Settlement, Named Plaintiff considered: (a) the facts developed during the Parties' settlement discussions and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiff, along with Collective Counsel, have concluded that the terms of this Settlement are fair, reasonable, and adequate, and that it is in the best interests of the Settlement Collective Members to settle their disputed claims against Defendants pursuant to the terms set forth herein.

6.      Defendants deny the allegations in the Lawsuit and deny any liability for alleged failure to comply with the minimum wage tip credit provisions of the FLSA or liability for any other allegation set forth in the Lawsuit. Defendants are entering into this Agreement solely for the purpose of eliminating the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees (as defined herein) of any fault, liability or wrongdoing, which Defendants expressly deny.

7.      The Parties recognize that sending notice to Settlement Collective Members and the Court's approval of this Settlement are required to effectuate the Settlement and are material terms of Settlement. The Parties agree that the Settlement will not become operative or effective unless and until the Court grants its approval of it, the Settlement becomes Final within the meaning of this Agreement, and the Settlement Effective Date occurs.

8.      The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. Should this Settlement not become Final or the Settlement Effective Date not occur, such stipulation to certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context. Defendants expressly deny that collective action treatment is appropriate in the litigation context or for trial and do not waive and expressly reserve their rights to challenge the propriety of certification for any purpose should the Court not approve this Settlement Agreement.

9.      In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Named Plaintiff's and the Participating Collective Members' claims as described herein against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Named Plaintiff's Released Claims and the Participating Collective Members' Released Claims shall be finally and fully compromised, settled and dismissed, with prejudice, as to the Defendants and Releasees, in the manner and upon the terms and conditions set forth below.

# DEFINITIONS

10.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Approval" or "Approval Order" means the Court's Order finally and fully approving the Settlement and entering judgment, without modification or change to any material term herein.

b.     "Attorneys' Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Collective Counsel for the services they rendered to Named Plaintiff and the Settlement Collective in the Lawsuit.

c.     "Check Void Date" means the date on which all Settlement Award checks shall become void. All Settlement Award checks shall remain valid and negotiable for one hundred twenty (120) calendar days from the date the Settlement Award checks are mailed to the Participating Collective Members, after which all Settlement Award checks will be automatically voided if not cashed, deposited, endorsed or negotiated ("Cashed") within that 120 calendar day time period.  On and after the Check Void Date, any Settlement Award check will be deemed void and of no further force and effect and shall revert to Defendants.

d.     "Claim Form" means Exhibit B, the form approved by Defendants and Collective Counsel, subject to Court approval, which each Participating Collective Member must complete in full and return, via First Class United States Mail on or before the day that is forty-five (45) days following the mailing of the Notices (the "Opt-In Period"), to recover a Settlement Award. For purposes of the Lawsuit, the Claim Form shall further serve as the putative Collective Member's consent/opt-in to the proposed settlement, pursuant to 29 U.S.C. § 216(b).

e.     "Collective Counsel" means Gibbons Law Group, PLLC.

f.     "Court" means the United States District Court for the Western District of North Carolina.

g.     "Defendants" means Copper Penny Rutherfordton, LLC and Michelle Gref.

h.     "Defendants' Counsel" means McGuire, Wood & Bissette, P.A.

i.     "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

j.　"Gross Settlement Amount" means the maximum amount that Defendants shall pay in connection with this Settlement, in exchange for the release of the Participating Collective Members' Released Claims and Named Plaintiff's Released Claims, and shall include, subject to Court approval and in accordance with the terms of this Agreement, the Attorneys' Fee Award, an award of litigation costs to Collective Counsel, a Service Award to Named Plaintiff, and settlement administration costs. The Gross Settlement Award does not include Defendants' share of any payroll taxes on the payments to Settlement Collective Members (*e.g.,* the employer-paid portion of any FICA taxes). The Gross Settlement Amount is the gross sum of One Hundred Seventy-Four Thousand Dollars ($174,000.00). In no event shall: (i) the Gross Settlement Amount exceed this sum; or (ii) Defendants be required to pay more than the Gross Settlement Amount in connection with the Settlement. The Parties acknowledge and agree that Defendants' obligation to pay no more than the Gross Settlement Amount is a material term of this Agreement.

k.　"Lawsuit" means the above captioned lawsuit.

l.　"Named Plaintiff" means Dakota Healey.

m.　"Net Settlement Amount" means the Gross Settlement Amount _less_: (i) the Service Award to Named Plaintiff of Five Thousand Dollars ($5,000.00); (ii) the payment of the Attorneys' Fee Award, not to exceed one-third (1/3) of the Gross Settlement Amount, plus the payment of out-of-pocket costs incurred by Collective Counsel, which are Four Hundred Six Dollars ($406.00); and (iii) the Settlement Administrator's costs related to administering this Settlement, estimated to be Five Hundred Dollars ($500.00). The Parties acknowledge that all of these amounts are subject to the Court's approval. Any of the amounts requested in this subparagraph (m) which are not approved by the Court shall revert to the Net Settlement Amount and be eligible for distribution to Settlement Collective Members in accordance with the terms and conditions of this Agreement.

n.　"Participating Collective Member" means all Settlement Collective Members who timely submit a valid Claim Form and tax forms W-4 and W-9 in accordance with this Agreement.

o.　"Participating Collective Members' Released Claims" means all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses and losses and issues of any kind or nature whatsoever, whether known or unknown, against Defendants or Releasees that were or could have been asserted in the Lawsuit as of the date the Court grants Approval of this Settlement, including, but not limited to, all state and federal statutory, regulatory, constitutional, contractual or common law claims for wages, unpaid wages, unpaid minimum wage or overtime wages, untimely paid wages, claims relating to wage payment, or other claims of any nature for wages, overtime wages, breaks and break time pay, tips, and claims for any other form of compensation (including unjust enrichment or quantum meruit), including any and all claims for damages, unpaid costs or expenses, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and any similar, parallel, related or derivative state law claims, including but not limited to the North Carolina Wage and Hour Act. In addition to the foregoing, the "Named Plaintiff's Released

Claims" includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs under local, state, or federal law, which have been or could have been asserted against the Releasees arising out of or relating to Named Plaintiff's employment with Defendants or termination thereof (as applicable) and/or any other event, act, occurrence, or omission taking place on or before the date the Court grants a Final Approval Order. Without limiting the generality of the foregoing, "Named Plaintiff Released Claims" includes, but is not limited to, all claims for breach of express or implied contract or covenant of good faith and fair dealing, negligent hiring, negligent supervision, all claims for discrimination, harassment, retaliation or violation of public policy, all claims arising under federal or state statutes, including but not limited to, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Fair Labor Standards Act ("FLSA"), the Equal Pay Act, the Age Discrimination in Employment Act ("ADEA"), the Pregnant Workers Fairness Act, the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA"), the North Carolina Retaliatory Employment Discrimination Act, the North Carolina Persons with Disabilities Act, the North Carolina Equal Employment Practices Act, the North Carolina Wage and Hour Act, all whistleblower statutes, or any other federal, state or local laws (statutory or common law) relating to employment or benefits associated with employment, including claims for punitive damages, emotional distress, mental anguish, personal injury, any and all claims that may be asserted by Named Plaintiff, or asserted on Named Plaintiff's behalf by others, as well as any and all claims that were asserted or that could have been asserted by Named Plaintiff in the Lawsuit.

Provided, however, "Named Plaintiff Released Claims" does not include claims that may not be released as a matter of law, including claims arising after the date this Agreement is signed by Named Plaintiff and any claim arising from any breach of this Agreement.

        p.      "Parties" means the parties to this Agreement, *i.e.*, Named Plaintiff and Defendants.

        q.      "Person" means individuals as well as corporations and associations existing under or authorized by federal law or the law of any state.

        r.      "Releasees" means Defendants and their past and present parent companies, subsidiaries, divisions, affiliates, related entities, and joint ventures, and all of its and their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, heirs, personal representatives, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on its or their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

        s.      "Reminder Notice" means the notice without material change attached hereto as Exhibit C.

t. "Service Award" means the sum paid to Named Plaintiff for her efforts in bringing and prosecuting this matter in a sum amount of Five Thousand Dollars ($5,000.00).

u. "Settlement Administrator" means Gibbons Law Group, PLLC, subject to the approval of the Court.

v. "Settlement Award" means the total payment that each Settlement Collective Member shall be entitled to receive pursuant to the terms of this Agreement.

w. "Settlement Collective" or "Settlement Collective Member" means (i) the Named Plaintiff; (ii) all Persons employed by Defendants at Copper Penny Rutherfordton, LLC as a Tipped Employee, who were paid an hourly rate of less than minimum wage and were required to share tips with non-Tipped Employees at any time between March 1, 2022 and November 27, 2022. Defendant represents there are a total of fifty-nine (59) unique Settlement Collective Members at issue in this Lawsuit, and Defendants recognize this representation is a material term of this Settlement Agreement.

x. "Settlement Effective Date" means the first business day after the Court's Approval Order becomes Final.

y. "Settlement Notice" means the Notice of Collective Action Settlement to be sent to the Settlement Collective Members and substantially in the form of Exhibit A, attached hereto, or as otherwise approved by the Court.

z. "Tipped Employee" means any employee engaged in an occupation in which he or she customarily and regularly receives more than Thirty Dollars ($30.00) per month in tips.

aa. As used in this Settlement Agreement, the plural form of any definition above or elsewhere includes the singular, and the singular form of any definition includes the plural.

## RELEASES

11. In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiff and Participating Collective Members agree to release all claims as set forth herein.

12. All Settlement Collective Members will receive a Settlement Notice, a Claim Form, and tax forms W-4 and W-9 (collectively the "Tax Forms"). Only those Settlement Collective Members who return the Claim Form and the Tax Forms in accordance with this Agreement shall be deemed to have participated in the Settlement and will become Participating Collective Members. In order to receive a Settlement Award, Participating Collective Members must execute and return the Tax Forms in accordance with this Agreement. The rights of Settlement Collective Members who do not become Participating Collective Members shall not be implicated, impacted, or effected by the Settlement.

13. **Participating Collective Members' Released Claims**. By returning a signed Claim Form and Tax Forms, or in the case of Named Plaintiff by virtue of having executed this Agreement, Participating Collective Members shall release and discharge Defendants and all Releasees, finally, forever and with prejudice, of and from all Participating Collective Members' Released Claims. The Parties acknowledge and agree that the foregoing Participating Collective Members' Release is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

14. **Covenant Not to Sue**. Named Plaintiff and Participating Collective Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them under this Settlement Agreement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Defendants or Releasees, based on claims released by them in this Settlement. The Parties acknowledge and agree that this Covenant Not to Sue is a material term of this Agreement and that no Settlement could have been reached by the Parties without it.

15. **Unclaimed Settlement Awards**. Any Settlement Awards that are not claimed in accordance with this Agreement shall be retained by Defendants. The Parties acknowledge and agree that this Paragraph is a material term of this Agreement, and that no Settlement could have been reached by the Parties without it.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

16. The Parties agree to the following procedures for obtaining Approval of the Settlement, certifying the Settlement Collective, and notifying the Settlement Collective of the Settlement:

    a. **Request for Certification and Approval Order**. Named Plaintiff shall file an Unopposed Motion for Approval of Settlement Agreement, requesting that the Court:

        i. certify the Settlement Collective pursuant to 29 U.S.C. § 216(b) for the sole purpose of settlement;

        ii. approve the Settlement and its terms as fair, reasonable and sufficient and direct that the Lawsuit be dismissed with prejudice and in full and final discharge of any and all Participating Collective Members' Released Claims and Named Plaintiff's Released Claims, but to retain jurisdiction to enforce the terms of this Agreement;

        iii. approve the requested Service Award, Attorneys' Fee Award, and out-of-pocket litigation costs to Collective Counsel, as well as the designation of the Settlement Administrator and approval of Settlement Administrator fees;

        iv. approve the proposed form of the Settlement Notice and method of distribution as the best notice practicable under the circumstances;

> v. approve the Parties' request that the docket remain open so that a Claim Form may be filed on the docket by Collective Counsel on behalf of each Participating Collective Member, and further approve the Parties' proposed method of filing Claim Forms with the Court as fair, reasonable and sufficient to constitute a consent to join the Lawsuit, as required by 29 U.S.C. § 216(b), on behalf of each Participating Collective Member; and

> vi. direct that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement.

b. Named Plaintiff shall provide Defendants' Counsel with a copy of a draft Unopposed Motion for Approval of Settlement Agreement at least seven (7) days in advance of filing it with the Court. The Unopposed Motion for Approval of Settlement Agreement shall not be filed without Defendants' approval.

c. The Settlement Administrator shall be responsible for preparing, printing, and mailing the Settlement Notice, the Claim Form, and the Tax Forms to Named Plaintiff and Settlement Collective Members.

d. Within five (5) business days after the Settlement Effective Date, Defendants shall provide to the Settlement Administrator an Excel chart containing the name and last known address of each Settlement Collective Member.

e. In order to provide the best notice practicable, the Settlement Administrator, prior to mailing the Settlement Notice, Claim Form, and Tax Forms, will take reasonable efforts to identify current addresses via public and proprietary systems and run a skip trace.

f. Within thirty (30) business days after the Settlement Effective Date, the Settlement Administrator shall send via First Class U.S. Mail to the address provided by Defendants, or to any updated address obtained by the Settlement Administrator, the Court-approved Settlement Notice, Claim Form and Tax Forms to the Settlement Collective Members, including Named Plaintiff (the date of such mailing the "Initial Mailing"). The Settlement Administrator shall provide prompt notice to Defendants' Counsel upon completion of the Initial Mailing.

g. Twenty-five (25) calendar days after the Initial Mailing, the Settlement Administrator shall send a reminder notice, in the form attached hereto as Exhibit C ("Reminder Notice"), via First Class U.S. Mail to the address provided by Defendants, or to any updated address obtained by the Settlement Administrator, to any Settlement Collective Member who was sent, but has not yet returned a Claim Form in accordance with this Agreement.

h. Any Settlement Notice and Claim Form returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice and Claim Form is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the

Settlement Notice and Claim Form to any newly found address. In no circumstance shall any re-mailing extend the Opt-In Period.

## SETTLEMENT FUNDS AND AWARD CALCULATION

17. **Gross Settlement Amount**. Defendants agree to pay up to the amount of One Hundred and Seventy-Four Thousand Dollars and No/100 Cents ($174,000.00), which shall be the maximum amount necessary pursuant to the terms of the Agreement to fully resolve and satisfy any and all amounts to be paid to or on behalf of the Settlement Collective Members, the claim for attorneys' fees and out-of-pocket litigation costs approved by the Court, any Court-approved Service Award to the Named Plaintiff, and the Settlement Administrator's costs. Under no circumstances will Defendants be required to pay more than the gross total of One Hundred and Seventy-Four Thousand Dollars and No/100 Cents ($174,000.00) under the terms of this Agreement, with the exception of Defendants' obligation to pay the employer's portion of payroll taxes attributable to the payment of settlement proceeds treated as wages.

18. **Payments from the Gross Settlement Amount**. Subject to Court approval, Defendants shall remit the following payments to the Settlement Administrator to be paid from the Gross Settlement Amount:

    a. **Service Award to Named Plaintiff**. Subject to the Court's approval, and provided Named Plaintiff executes this Settlement Agreement, Named Plaintiff shall receive Five Thousand Dollars ($5,000.00) for her efforts in bringing and prosecuting this matter. Defendants shall issue a Form 1099 to Named Plaintiff for this payment. The Service Award shall be paid within twenty-one (21) calendar days after the expiration of the Opt-In Period. The award of a Service Award at less than the amount requested by Named Plaintiff does not give rise to a basis to abrogate this Agreement. There shall be no appeal of any decision by the Court relating to an award of the Service Award. Should the Court approve a Service Award in an amount less than requested, the unapproved portion or portions shall be included in the Net Settlement Amount.

    b. **Attorneys' Fee Awards and Costs**.

        i. Subject to the Court's approval, Collective Counsel shall receive an Attorneys' Fee Award in an amount up to one-third (1/3) of the Gross Settlement Amount, i.e., Fifty-Eight Thousand Dollars ($58,000.00), which will compensate Collective Counsel for all work performed in the Lawsuit as of the date of this Settlement Agreement, as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, obtaining final dismissal of the Lawsuit and ensuring that the Settlement is fairly administered and implemented. In addition, Collective Counsel shall, subject to Court approval, receive reimbursement of advanced out-of-pocket litigation costs of Four Hundred Six Dollars ($406.00). These payments of attorneys' fees and costs shall be made within twenty-one (21) calendar days after the expiration of the Opt-In Period. The award of attorneys' fees and costs at less than the amount requested by Collective Counsel does not give rise to a basis to abrogate this Agreement. There shall be no appeal of any decision by the Court relating to an award of attorneys' fees or costs to Collective Counsel. Should the Court

approve attorneys' fees or costs in amounts less than requested, the unapproved portion or portions shall be included in the Net Settlement Amount.

      ii.     The attorneys' fees and costs paid by Defendants pursuant to this Agreement, out of the Gross Settlement Amount, shall constitute full satisfaction of Defendants' obligations to pay amounts as attorneys' fees or costs in this Lawsuit on behalf of any Settlement Collective Member, and shall relieve Defendants from any other claims or liability for any attorneys' fees or costs in connection with the Lawsuit.

      iii.     Defendants shall issue a Form 1099-MISC to Collective Counsel for the Attorneys' Fee Award and costs. Collective Counsel shall be solely and legally responsible to pay any and all applicable taxes on any payment made to them. A condition precedent to the payment to Collective Counsel of the Attorneys' Fee Award and costs is the Defendants' receipt of completed and executed IRS Form W-9 from Collective Counsel.

      c.     **Settlement Administration Costs**.  Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement, which are estimated to be Five Hundred Dollars ($500.00).  The payments of Settlement Administration Costs shall be made within twenty-one (21) calendar days after the expiration of the Opt-In Period.

      19.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**.  No Person shall have any claim against Defendants or Releasees, Collective Counsel, or Defendants' Counsel based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

      20.     **Settlement Award Eligibility**.  The allocations to the Settlement Collective Members will be made from the Net Settlement Amount.  The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Award to be paid to Settlement Collective Members based on Defendants' records.  Each Settlement Collective Member shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the hourly pay rate and number of hours that each Settlement Collective Member worked from March 1, 2022 to November 27, 2022, as reflected in Defendants' records and based on the following formula:

      a.     Utilizing Defendants' time and payroll records, determine the sub-minimum hourly rate paid to each Settlement Collective Member between March 1, 2022 and November 27, 2022 ("Sub-minimum Hourly Rate"). Calculate the "Tip Credit Rate" for each Settlement Collective Member by subtracting the Sub-minimum Hourly Rate from the federal minimum wage rate.

      b.     Utilizing Defendants' time and payroll records, determine the total number of hours worked by each Settlement Collective Member between March 1, 2022 and

November 27, 2022 ("Hours Worked").

      c.     Multiply the Hours Worked times the Tip Credit Rate to determine the "Tip Credit Denominator" for each Settlement Collective Member. Calculate the "Total Tip Credit Denominator" by adding the sum of all Tip Credit Denominators for the Settlement Collective Members.

      d.     Divide the Tip Credit Denominator for each Settlement Collective Member into the Total Tip Credit Denominator to calculate each individual Settlement Collective Member's "Settlement Percentage Share."

      e.     Multiply each individual Settlement Collective Member's Settlement Percentage Share by the Net Settlement Amount to determine the putative Collective Member's estimated individual settlement amount.

21.    **Payments to Participating Collective Members and Tax Characterization**. Each Participating Collective Member shall receive a Settlement Award as follows:

      a.     For tax purposes, Fifty Percent (50%) of the Settlement Award payments to Participating Collective Members shall be classified as wages, subject to payroll withholding, and Fifty Percent (50%) shall be classified as alleged liquidated damages and reported on an IRS Form 1099.

      b.     By no later than twenty-one (21) calendar days after the expiration of the Opt-In Period, Defendants shall remit checks to the Settlement Administrator for the portion of the Net Settlement Amount that is necessary to fulfill the terms of the Agreement regarding Settlement Award payments for Participating Collective Members. The portion of the Net Settlement Amount attributable to Settlement Collective Members who do not timely return a valid Claim Form and executed Tax Forms will remain the sole property of Defendants.

      c.     Defendants will issue all relevant taxation documents, calculate the appropriate payroll withholding for payments classified as wages, and pay the employer's portion of payroll taxes for payments classified as wages. Defendants make no representations to Named Plaintiff or Participating Collective Members regarding the tax consequences of any Settlement Award payments received pursuant to this Agreement.

## PROHIBITION ON PRESS AND PUBLICITY

22.    The Parties shall keep the terms of this Settlement Agreement confidential until Named Plaintiff files the motion for approval of this Settlement Agreement with the Court. Thereafter, the Parties and their counsel agree that they will not issue any press releases or press statements, post any internet disclosures, have any communications with the press or media about the Settlement, or otherwise publicize the terms of this Settlement Agreement in any medium, except on Collective Counsel's website or through webpages and links intended to inform Settlement Collective Members about the settlement and its terms, the Court's orders in the Lawsuit, and to maximize participation in the Settlement. If counsel for any Party receives any

inquiry about the Settlement from the media, counsel will either not respond or otherwise state "the case has been resolved."

23.     Notwithstanding the foregoing, the Parties shall have the right to disclose this Settlement Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles and may disclose in legal proceedings a summary of the terms of this Settlement Agreement. The Named Plaintiff also shall have the right to disclose the Settlement Agreement to her tax and legal advisors and spouse. The Parties further agree and acknowledge that nothing herein shall prevent Collective Counsel from referring or citing to this Lawsuit and the pleadings and other papers filed in obtaining approval of this Settlement Agreement in any court filings and proceedings in other cases for the purposes of demonstrating their experience and adequacy as class counsel.

## MISCELLANEOUS

24.     **No Admission of Liability**. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees of any fault or liability or wrongdoing. Similarly, this Settlement Agreement and all related documents shall not be construed as an admission or concession that collective action treatment is or would be appropriate in the Lawsuit for any reason outside of the settlement context. Defendants enter into this Settlement Agreement to avoid further expense and disruption to their business. The Parties acknowledge and agree that liability for the actions that are the subject matter of the Lawsuit is disputed by Defendants.

25.     **Effect of Non-Approval**. If this Settlement Agreement is not approved by the Court for any reason in the form submitted by the Parties, the Parties will attempt in good faith to address any concerns raised by the Court and resubmit a revised settlement agreement for approval to the Court. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

26.     **Participation in Settlement**. The Parties agree that neither they nor their counsel shall encourage any Settlement Collective Member to not participate in the Settlement or to appeal the Final Approval Order or other Order dismissing the Lawsuit with prejudice.

27.     **Representation by Counsel**. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement and that this Settlement Agreement has been executed with the consent and advice of counsel.

28.     **Inadmissibility of Settlement Agreement**. Except for purposes of settling this Lawsuit, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any

purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

29. **Computation of Time**. For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean business days unless otherwise noted.

30. **Interim Stay of Proceedings**. The Parties agree to hold in abeyance all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the Settlement.

31. **Amendment or Modification**. This Agreement may be amended or modified only by a written instrument signed by Collective Counsel/Defendants' Counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

32. **Entire Settlement Agreement**. This Agreement with exhibits constitutes the entire Agreement among the Parties with respect to the subject matter herein, and no oral or written representations, warranties or inducements have been made to any of the Parties concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledge that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

33. **Authorization to Enter Into Settlement Agreement**. The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement.

34. **Binding on Successors and Assigns**. This Agreement shall be binding upon, and inure to the benefit of Named Plaintiff, Defendants, Releasees, the Participating Collective Members and their heirs, beneficiaries, executors, administrators, personal representatives, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

35. **Counterparts**. This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof

(including PDF, facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

36. **No Signature Required by Settlement Collective Members**.  Only the Named Plaintiff will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Collective Members of the binding nature of the Claim Form, and such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Collective Member.

37. **Attorneys' Fees, Costs and Expenses**.  Except as otherwise specifically provided herein, the Parties and all Participating Collective Members shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any part to this Agreement.  However, in the event of any dispute to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of their reasonable attorneys' fees and costs from the non-prevailing party.

38. **Cooperation and Drafting**.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

39. **Governing Law**.  All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of North Carolina, without regard to any choice of law principles.

40. **Jurisdiction of the Court**.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, including for purposes of overseeing settlement administration matters to the extent necessary, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**NAMED PLAINTIFF:** _____     Date: _____, 2023
                         Dakota Healey

**APPROVED AS TO FORM BY COLLECTIVE COUNSEL:**

                         _____     Date: _____, 2023
                         Philip J. Gibbons, Jr.
                         **GIBBONS LAW GROUP, PLLC**
                         14045 Ballantyne Corporate Place,
                         Suite 325
                         Charlotte, North Carolina 28277
                         (704) 612 0038
                         phil@gibbonslg.com

**DEFENDANTS:**          _____     Date: _____, 2023
                         Copper Penny Rutherfordton, LLC

                         _____     Date:_____, 2023
                         Michelle Gref

**APPROVED AS TO FORM BY DEFENDANTS' COUNSEL:**

                         _____     Date: _____, 2023

                         Murphy Horne Fletcher
                         **McGUIRE, WOOD & BISSETTE, P.A.**
                         48 Patton Avenue
                         Asheville, NC 28801
                         828-254-8800
                         mfletcher@mwblawyers.com

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### Civil Action No.: 1:22-cv-254

|  |  |
|---|---|
| **DAKOTA HEALEY, individually and on behalf of all others similarly situated,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **COPPER PENNY RUTHERFORDTON, LLC, and MICHELLE GREF,** | ) |
|  | ) |
| **Defendants.** | ) |

## NOTICE OF SETTLEMENT OF COLLECTIVE ACTION LAWSUIT

*A court approved this notice. This is not a solicitation from a lawyer, and the Court's authorization of this notice is not a determination of the merits of the claims asserted.*

You received this Notice of Settlement of Collective Action Lawsuit ("Notice") because records show that you worked for Copper Penny Rutherfordton, LLC and Michelle Gref (collectively "Defendants") as a Tipped Employee (e.g., a Bartender or Server or their functional equivalents) at any time between March 1, 2022 and November 27, 2022, you were paid an hourly rate of less than minimum wage, and you were required to share tips with non-Tipped Employees. As a result, you may be entitled to receive money from a Settlement[1] in this case, as described below.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **RETURN THE CLAIM FORM** | If you return a claim form, you will become a party to the Settlement Agreement and you will receive a settlement payment. You will also release wage and hour claims under the Fair Labor Standards Act ("FLSA") and the state wage and hour laws of North Carolina. |
| **DO NOTHING** | If you do not return the claim form, you will not become a party to the Settlement Agreement. As such, you will not receive any settlement payment and you will not release any wage and hour claims under the FLSA or the state wage and hour laws of North Carolina. |

---

[1] The capitalized terms in this Notice have defined meanings that are set out in detail in the Fair Labor Standards Act Settlement Agreement and Release ("Agreement"). To review a copy of the Agreement, please contact Gibbons Law Group, PLLC, 14045 Ballantyne Corporate Place, Ste. 325, Charlotte, NC 28277, 704-612-0038.

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- Under the allocation formula created by the Settlement, you will be entitled to a proportionate share of the overall Settlement calculated based on the estimated number of hours you worked and the hourly rate you were paid. As described more fully below in Paragraph 9 of this Notice, to receive a Settlement Award, you must return a properly completed Claim Form to the Settlement Administrator, postmarked or received no later than _____. You must also provide the Settlement Administrator with completed tax forms W-4 and W-9.

## BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records state that you worked for Defendants as a Tipped Employee (e.g., a Bartender or Server or their functional equivalents) at any time between March 1, 2022 and November 27, 2022, you were paid an hourly rate of less than minimum wage, and you were required to share tips with non-Tipped Employees ("Settlement Collective Members"). The Court ordered that you be sent this notice because you have a right to know about this settlement of an FLSA lawsuit and about all your options.

This notice explains the lawsuit, the settlement, your legal rights, and what Settlement Award is available to you.

The Court overseeing this case is the United States District Court for the Western District of North Carolina. This lawsuit is known as *Dakota Healey, Individually and on behalf of similarly situated persons vs. Copper Penny Rutherfordton, LLC and Michelle Gref*, Civil Action No.: 1:22-cv-00254.

Dakota Healey, the person who filed the lawsuit, is called the "Named Plaintiff." Copper Penny Rutherfordton, LLC and Michelle Gref are called the "Defendants."

Defendants deny that any legal violation occurred and specifically assert that you have been paid lawfully and properly for all your work. The Court has not decided who is right or wrong and has not ruled on the merits of Plaintiff's claims or Defendants' defenses. Rather, instead of proceeding with the lawsuit, the Parties reached a resolution of disputed claims, which the Court has approved as fair and reasonable.

### 2. What is this lawsuit about?

This lawsuit is about whether Defendants' tip-sharing policies during the period from March 1, 2022 until November 27, 2022 complied with the minimum wage tip credit provisions of the FLSA. Defendants deny they did anything wrong and assert all individuals were properly paid.

**3. What is a Fair Labor Standards Act collective action and who is involved?**

In a collective action, one or more people called the "Named Plaintiff" sue on behalf of people who have similar claims. The people together are called "Collective Members."

**4. Why is there a settlement?**

The Court did not decide in favor of Named Plaintiff or Defendants. Both sides believed they would have prevailed in the case, but there was no decision ruling in favor of either party. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, the risk of losing, and the delay of litigating the case and of potential appeals. The people who join this Settlement Agreement are entitled to compensation.

## WHO IS IN THE SETTLEMENT?

**5. How do I know if I am part of the settlement?**

You are eligible to become a member of the Collective Action if you worked for Defendants as a Tipped Employee (e.g., a Bartender or Server or their functional equivalents) at any time between March 1, 2022 and November 27, 2022, you were paid an hourly rate of less than minimum wage, and you were required to share tips with non-Tipped Employees.

**6. I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for guidance. You can contact the Settlement Administrator as follows:

Gibbons Law Group, PLLC
Phil Gibbons
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, North Carolina 28277
704-612-0038

The Settlement Administrator is also Named Plaintiff's Counsel.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**7. What does the settlement provide?**

The total maximum amount to be paid by Defendants to settle the lawsuit is $174,000.00 and shall consist of the following: (i) alleged minimum wage and liquidated damages totaling a maximum of $110,094.00 of the Gross Settlement Amount payable to Participating Collective Members pursuant to the calculation set forth below in Paragraph 8; (ii) an extra payment in the maximum amount of $5,000.00 payable to Named Plaintiff; (iii) attorneys' fees in the maximum amount of one-third of the Settlement Amount ($58,000.00), (iv) litigation costs and expenses ($406.00), and (vi) settlement administration costs ($500.00) payable to Gibbons Law Group, PLLC.

Defendants have agreed to pay eligible Settlement Collective Members who qualify for a Settlement Award based upon the number of hours you worked between March 1, 2022 and November 27, 2022 and the hourly rate you were paid. To receive any Settlement Award, you must submit a timely valid Claim Form and completed tax forms W-4 and W-9.

## 8. How will my payment be determined?

Your individual Settlement Award will be determined based on a formula that has been approved by the Court. You may be entitled to your proportional share of the settlement—which will be calculated based on a comparison of the number of hours you worked between March 1, 2022 and November 27, 2022 with all other Settlement Collective Members during the same time period and the rate you were paid for those hours. If you were paid more than one hourly rate, the formula accounts for those different rates. Your estimated proportionate share of the Net Settlement Amount will be determined by the Settlement Claims Administrator pursuant to the following formula:

(1)     Utilizing Defendants' time and payroll records, determine the sub-minimum hourly rate paid to each Settlement Collective Member between March 1, 2022 and November 27, 2022 ("Sub-minimum Hourly Rate"). Calculate the "Tip Credit Rate" for each Settlement Collective Member by subtracting the Sub-minimum Hourly Rate from the federal minimum wage rate. By way of example, if your Sub-minimum Hourly Rate was $2.13/hour, your Tip Credit Rate is $5.12/hour ($7.25/hour - $2.13/hour = $5.12/hour).

(2)     Utilizing Defendants' time and payroll records, determine the total number of hours worked by each Settlement Collective Member between March 1, 2022 and November 27, 2022 ("Hours Worked").

(3)     Multiply the Hours Worked by the Tip Credit Rate to determine the "Tip Credit Denominator" for each Settlement Collective Member. Calculate the "Total Tip Credit Denominator" by adding the sum of all Tip Credit Denominators.

(4)     Divide the Tip Credit Denominator for each Settlement Collective Member into the Total Tip Credit Denominator to calculate each individual Settlement Collective Member's "Settlement Percentage Share."

(5)     Multiply each individual Settlement Collective Member's Settlement Percentage Share times the Net Settlement Amount to determine the putative Collective Member's estimated individual settlement amount.

If you timely submit a valid Claim Form, your estimated settlement payment will be $_____. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement by requesting one from the Settlement Administrator, who may be contacted by following the instructions in Paragraph 15, below.

The allocation of the Net Settlement Amount was based upon the payroll and time data provided by Defendants for all Settlement Collective Members.

Neither Collective Counsel nor Defendants or their counsel makes any representations concerning the tax consequences of this settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

# HOW YOU GET A PAYMENT

## 9. How can I get my payment?

To get your payment, you must return a properly completed Claim Form and Tax Forms (both of which are enclosed herewith) to the Settlement Administrator postmarked no later than _____. You may return your Claim Form and Tax Forms by U.S. mail in the enclosed self-addressed envelope to:

Gibbons Law Group, PLLC
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, North Carolina 28277
704-612-0038

## 10. When will I get my payment?

The deadline for submitting a Claim Form is _____, 2023. Following this deadline, the time for all appeals must be exhausted before the settlement checks are issued. Please be patient and do not contact the Court with questions regarding the settlement or the timing of the settlement payment. If you have questions regarding these issues, please contact the Settlement Administrator at the phone number listed in Paragraph 9.

You will have exactly one hundred-twenty (120) days from mailing to cash the check which represents your payment in this matter. If you fail to cash your check within that period, you will not receive any money as the result of this lawsuit.

## 11. What am I giving up to get a payment?

If you timely submit a valid Claim Form, you will become a Participating Collective Member. This means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the wage and hour issues in this case that are based on events that occurred between March 1, 2022 and the date that the Court grants approval of the Settlement. It also means that all of the Court's orders will apply to you and legally bind you.

By signing, dating, and returning this Claim Form, you agree to be bound by the Settlement Agreement negotiated by Collective Counsel, you consent to become a party plaintiff to this action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and agree, on behalf of yourself, and your current, former, and future heirs, spouses, executors, administrators, agents, and attorneys, to the following covenant not to sue and release:

I covenant not to sue and fully and forever release, remise and discharge Defendants and Releasees from all local, state and federal wage and hour claims of any type, including all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*), the wage and hour laws of the State of North Carolina (including but not limited to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*) or any other state, and all local laws ("Released Claims"). The Released Claims include but are not limited to all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses, losses and issues of any kind or nature whatsoever, whether known or unknown, that were or could have been asserted in the Lawsuit, including, but not limited to, all state and federal statutory, regulatory, constitutional, contractual, or common law claims for wages, unpaid wages, unpaid minimum wage, overtime wages, untimely paid wages, claims relating to wage payment, claims for compensation (including unjust enrichment or quantum meruit), claims for tips, claims under any wage and hour or wage payment law (including statutory claims), all derivative benefit claims (both ERISA and non-ERISA benefits, including 401(k) benefits or matching benefits, retirement benefits, and deferred compensation benefits) arising under any federal, state or local wage and hour law or regulation, interest on such claims, liquidated damages, penalties, restitution, equitable relief, attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims through the date of the entry of the Final Approval Order.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court has approved the law firm of Gibbons Law Group, PLLC to represent the Named Plaintiff and all Participating Collective Members who submit a claim form. These lawyers are called "Collective Counsel." You do not need to retain your own attorney in order to participate as a Collective Member. If you want to be represented by your own lawyer, you may hire a lawyer at your own expense.

### 13. How will the lawyers be paid?

The Court has approved payment of one-third (1/3) of the total settlement amount for attorneys' fees and costs or Fifty-Eight Thousand Four Hundred Six Dollars and No/100 Cents ($58,406.00). These fees compensate Collective Counsel for investigating the facts, litigating the case, and negotiating the settlement, and they reimburse Collective Counsel for litigation costs that were advanced by Collective Counsel on behalf of the Settlement Collective Members. The costs of the Settlement Claims Administrator will also come from the Gross Settlement Amount in the amount of Five Hundred Dollars and No/100 Cents ($500.00).

## NO RETALIATION FOR PARTICIPATION

### 14. Can Defendants Retaliate Against Me for Participating in this Settlement?

No.  Your decision as to whether or not to participate in this Settlement will in no way affect your work or employment with Defendants or future work or employment with Defendants.  It is unlawful for Defendants to take any adverse action against you as a result of your participation in this Lawsuit.

# GETTING MORE INFORMATION

| **15.  Are there more details about the settlement?** |
| --- |

This notice summarizes the terms of the settlement.  More details are in the Settlement Agreement. If you have other questions about the settlement, you can contact the Settlement Administrator/Collective Counsel at the address and/or telephone number listed below.

 You can also get a copy of the Settlement Agreement by sending a request, in writing, to:

Gibbons Law Group, PLLC
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, North Carolina 28277
704-612-0038

| **16.  What if my address changes?** |
| --- |

If you change your address or reside at an address other than the one at which this notice was mailed to you, please promptly inform the Settlement Administrator of your new address to ensure processing of your claim and mailing of your check to the correct address.  It is your responsibility to keep a current address on file with the Settlement Administrator.

DATED:                        , 2023

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

*Dakota Healey, Individually and on behalf of similarly situated persons vs. Copper Penny Rutherfordton, LLC and Michelle Gref*, Civil Action No.: 1:22-cv-00254

## CLAIM FORM

<<Settlement Collective Member Name>>
<<Street Address>>
<<City, State Zip>>

**DEADLINE:** To receive a settlement payment as set forth in the Notice of Settlement of Collective Action Lawsuit ("Notice") and Settlement Agreement and Release ("Settlement Agreement") in the above referenced matter, **you must complete, sign, and return this Claim Form in the enclosed self-addressed envelope. Your Claim Form must be postmarked or received on or before _____.** If you lose the envelope, you should send the Claim Form to:

Gibbons Law Group, PLLC
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, North Carolina 28277
704-612-0038

**CHANGE OF ADDRESS:** If you change your address, please inform the Settlement Administrator of your new address to ensure processing of your claim. It is your responsibility to keep a current address on file with the Settlement Administrator.

**RELEASE:** You agree to be bound by the Settlement Agreement negotiated by Collective Counsel, you consent to become a party plaintiff to this action under the federal Fair Labor Standards Act ("FLSA"), 29 US.C. §§ 201 *et seq.*, and agree, on behalf of yourself, and your current, former, and future heirs, spouses, executors, administrators, personal representatives, agents, and attorneys, to the following release: I covenant not to sue and fully and forever release, remise and discharge Defendants and Releasees from all local, state and federal wage and hour claims of any type, including all claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*), the wage and hour laws of the State of North Carolina (including but not limited to the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.*) or any other state, and all local laws ("Released Claims"). The Released Claims include but are not limited to all causes of action, claims, rights, damages, punitive or statutory damages, penalties, liabilities, expenses, losses and issues of any kind or nature whatsoever, whether known or unknown, that were or could have been asserted in the Lawsuit, including, but not limited to, all state and federal statutory, regulatory, constitutional, contractual, or common law claims for wages, unpaid wages, unpaid minimum wage, overtime wages, untimely paid wages, claims relating to wage payment, claims for compensation (including unjust enrichment and quantum meruit), claims for tips, claims under any

wage and hour or wage payment law (including statutory claims), all derivative benefit claims (both ERISA and non-ERISA benefits, including 401(k) benefits or matching benefits, retirement benefits, and deferred compensation benefits) arising under any federal, state or local wage and hour law or regulation, interest on such claims, liquidated damages, penalties, restitution, equitable relief, attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims through the date of the entry of the Final Approval Order.

**CONFIRMATION OF EMPLOYMENT:** By my signature below, I confirm that I worked for Copper Penny Rutherfordton, LLC and Michelle Gref ("Defendants") as a Tipped Employee (e.g., a Bartender or Server or their functional equivalents) at any time between March 1, 2022 and November 27, 2022, I was paid an hourly rate of less than minimum wage, and I was required to share tips with non-Tipped Employees.

**FLSA OPT-IN:** For settlement purposes, I wish to become a plaintiff in the Fair Labor Standards Act ("FLSA") claims asserted in this Lawsuit pursuant to the procedures for opting into this action under the FLSA.

**TAX FORMS**: To participate in the settlement, you must also complete the W-4 and W-9 tax forms, enclosed herewith.

**CERTIFICATION:** Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the information I provided in this claim form is true and correct.

_____          _____
Date                                                        Signature


_____          _____
Last Four Digits of Social Security Number      Name (Printed)
(For verification purposes only)

_____

_____
Current Address


**YOU MUST SUBMIT THIS CLAIM FORM BY NOT LATER THAN <mark>[DATE]</mark> TO BE ELIGIBLE FOR ANY PAYMENT.  BE SURE YOU HAVE <u>FULLY COMPLETED</u> THIS FORM, INCLUDING <u>SIGNING</u> AND <u>DATING</u> THIS FORM.**

# Exhibit C

**COPPER PENNY TIP CREDIT SETTLEMENT**
C/O Gibbons Law Group, PLLC
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277


IMPORTANT REMINDER – PLEASE READ


<<FIRST_NAME>> <<LAST_NAME>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CIITY>> <<STATE>> <<ZIP>>

**IMPORTANT REMINDER REGARDING
THE COPPER PENNY TIP CREDIT SETTLEMENT**

Dear <<First_Name>> <<Last_Name>>,

On _____, you were mailed a Notice of Settlement of Collective Action Lawsuit ("Notice") regarding a settlement between Defendants Copper Penny Rutherfordton, LLC and Michelle Gref and Named Plaintiff Dakota Healey, on behalf of herself and other similarly situated employees ("Settlement"). The Notice explained your options with respect to participation in the Settlement and provided a deadline for submitting a completed Claim Form and tax forms W-4 and W-9 if you elect to participate in the Settlement.

**IMPORTANT**

- Our records indicate that you have not yet returned the completed Claim Form and tax forms W-4 and W-9.
- You are not required to return the Claim Form; however, if you wish to participate in this Settlement, you must return the completed Claim Form and tax forms W-4 and W-9 no later than _____, 2023.

For more information about your options with respect to the Settlement, please refer to the Notice or contact the Gibbons Law Group, PLLC, at phil@gibbonslg.com or (704) 612-0038.